Paul H. Bratton ABN 0711081
Law Offices of Paul H. Bratton
P.O. Box 463
Talkeetna, AK 99676
907.733.2185
(Fax) 772.679.8158
phbratton@gci.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

MICHAEL H. NAKADA,        )
                             )
        Plaintiff,       )
                             )   **Civil Case No.:**
    v.                    )
                             )   **COMPLAINT AND DEMAND FOR**
NCO FINANCIAL SYSTEMS, INC.,  )   **JURY TRIAL (Unlawful Debt Collection**
                             )   **Practices; Violations of Telephone**
        Defendant.     )   **Consumer Protection Act)**
                             )
_____ )
_

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and Defendant's violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 ("TCPA"). Plaintiff demands a trial by jury on all issues, in accordance with the U.S. Constitution and Federal Rule of Civil Procedure 38.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and under the doctrine of supplemental jurisdiction as set forth at 28 U.S.C. §1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business in Alaska and the conduct complained of occurred in Alaska.

## III. PARTIES

3.      Plaintiff MICHAEL H. NAKADA is a natural person who has resided in Homer, Alaska, at all times material to this complaint.

4.      Defendant NCO FINANCIAL SYSTEMS, INC. ("NCO") is a corporation doing business of collecting debts in this state with its principal place of business located at 507 Prudential Road, Horsham, PA 19044. The principal business of Defendant NCO FINANCIAL SYSTEMS, INC. is the collection of debts using the mails and telephone.

## IV. FACTUAL ALLEGATIONS

5.      In or about November, 2006, Plaintiff Michael H. Nakada purchased a wireless data service from CellularOne. The service plan was based on a two-year contract with monthly payments of approximately $70.

6.      Immediately upon obtaining the service, Plaintiff Nakada found that it did not work.

7.      Nakada contacted CellularOne on numerous occasions over a nine-month period

in an attempt to have CellularOne repair the dysfunctional service. CellularOne did not, or could not, make such repairs and the service remained unusable for its ordinary purpose of receiving and transmitting data.

8. Nakada spoke to CellularOne about canceling the unusable service on a number of occasions, but each time CellularOne insisted that Nakada was responsible for the monthly payments regardless of the usability of the service.

9. On or about August, 2007, Nakada cancelled the wireless data service from CellularOne and stopped making monthly payments. He subsequently contracted with another provider for wireless service which worked well.

10. After Nakada's cancellation of the wireless data service, CellularOne continued to bill Nakada for the monthly payments and added a cancellation fee to his cell phone bill. CellularOne also began to make calls to Nakada on his cell phone regarding the disputed debt.

11. Nakada believes, and so alleges, that on or about September 2008, the disputed debt was consigned, placed, sold, or otherwise transferred to Defendant NCO Financial Systems, Inc.

12. NCO began to make calls to Nakada's cell phone in an attempt to collect the disputed debt.

13. The calls to Nakada's cell phone were made using a automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and an artificial or prerecorded voice (hereafter "autodialer)."

14. NCO's calls came in at all times of the day. Nakada is a commercial oyster farmer/fisher and many of the calls rang in to his cell phone while he was suited up in raingear in a skiff on Kachemak Bay. These calls caused Nakada great inconvenience and stress as he had to

*Nakada v. NCO Financial Systems, Inc.*
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 3 of 7

remove gloves and other gear in difficult circumstances in order to answer.

15.     When Nakada answered the phone, there was never a person on the line, but only a recording which announced that the call was from the debt collector, NCO, along with a number to call back.

16.     When Nakada did not answer his cell phone, NCO would leave a prerecorded message on his voice mail with a similar message that the call was from a debt collector and a number for him to call back.

17.     When Nakada returned NCO's calls, he could not make contact with a live person, but reached a recording that stated that the mailbox was full.

18.     NCO called Nakada's cell phone as often as once a day over a period of six weeks.

19.     NCO placed at least 25 calls to Nakada's cell phone.

20.     As a result of the acts alleged above, Plaintiff experienced stress, anger, frustration, serious anxiety, confusion, worry, loss of happiness, and irritability.


## V.  FIRST CLAIM FOR RELIEF

### Violation of FDCPA

21.     Plaintiff repeats and realleges and incorporates by reference all of the foregoing paragraphs.

22.     Defendant  is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

23.     Plaintiff Michael H. Nakada is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

24.     The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

*Nakada v. NCO Financial Systems, Inc.*
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 4 of 7

25.     Defendant violated the FDCPA by the above-described actions.  Defendant's violations include, but are not limited to, the following:

a.  By making repeated calls to Plaintiff's cell phone using an auto-dialer, Defendant engaged in conduct the natural consequence of which was to annoy, harass, and abuse Plaintiff in connection with the collection of the alleged debt, and so violated 15 U.S.C. § 1692d(5);

b.  By not having a person available to talk, either when NCO initiated the calls or when Nakada returned the calls, Defendant engaged in conduct the natural consequence of which was to harass, intimidate, oppress, and abuse Plaintiff in connection with the collection of the disputed debt, and so violated 15 U.S.C. § 1692d;

c.  By playing an automated message announcing that the call was from a debt collector which could be heard by anyone who answered the phone or anyone who listened to the voice mail messages, and which was heard by Nakada's partner, NCO violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692b;

d.  By repeatedly contacting Nakada at his workplace, NCO violated 15 U.S.C. § 1692c(a)(1);

e.  By attempting to collect fees unauthorized by the contract, Defendants used false representation and deceptive means to collect or attempt to collect a debt, and so violated 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1);

f.  Defendant violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

26.     As a result of the above violations of the FDCPA, Defendant is liable to the

1  Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, Plaintiff's

2  actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

3

4  ### VI. SECOND CLAIM FOR RELIEF

5  #### Violation of TCPA

6

7       27.     Plaintiff repeats and realleges and incorporates by reference all of the foregoing

8  paragraphs.

9       28.     Defendant NCO improperly invaded the privacy rights of Plaintiff and violated

10 the TCPA by the above-described actions.  Defendant's violations include, but are not limited to,

11 the following:

12          a.  By repeatedly making calls, and by transmitting prerecorded or artificial

13              messages, to the Plaintiff's cell phone using an automated telephone dialing system

14              without Plaintiff's express consent, Defendant engaged in conduct which violated 47

15              U.S.C. § 227(b)(1)(A)(iii).

16      29.     As a result of the above violations of the TCPA, Defendant is liable to the

17 Plaintiff for declaratory judgment that Defendant's conduct violated the TCPA, Plaintiff's actual

18 damages, statutory damages of $500 for each call, and up to three times statutory damages for

19 willful and knowing violations pursuant to 47 U.S.C. § 227(b)(3).

20

21      WHEREFORE, Plaintiff respectfully requests that judgment be entered against

22 Defendant for the following:

23          A.  Declaratory judgment that Defendant's conduct violated the FDCPA and

24              TCPA;

25          B.  Actual damages pursuant to 15 U.S.C. § 1692k;

*Nakada v. NCO Financial Systems, Inc.*
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 6 of 7

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Actual damages for each of Defendant's auto-dialer calls to Plaintiff's cell phone found to be in violation of 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to the private right of action at 47 U.S.C. § 227(b)(3);

E. Statutory damages of $500 for each of Defendant's auto-dialer calls to Plaintiff's cell phone found to be in violation of 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to the private right of action at 47 U.S.C. § 227(b)(3);

F. An award of three times the $500 statutory award for each of Defendant's auto-dialer calls placed to Plaintiff's cell phone upon a finding that Defendant willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to the private right of action at 47 U.S.C. § 227(b)(3);

G. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

H. For punitive damages; and

I. For such other and further relief as the Court may deem just and proper.

Dated this 18th day of January 2009.

_____ s/ Paul H. Bratton _____
Paul H. Bratton
Law Office of Paul H. Bratton
P. O. Box 463
Talkeetna, AK 99676
Phone: 907.733.2185
Fax: 772.679.8158
Email: phbratton@gci.net
ABN: 0711081

Attorney for Plaintiff
Michael H. Nakada

*Nakada v. NCO Financial Systems, Inc.*
COMPLAINT AND DEMAND FOR JURY TRIAL
Page 7 of 7